O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THOMAS CLINTON,                          ) Case No. CV 08-4178-DOC (OP)
                                         )
                    Plaintiff,           )
          vs.                            ) MEMORANDUM AND ORDER
                                         ) DISMISSING COMPLAINT WITH
                                         ) LEAVE TO AMEND
JOHN MARSHALL, et al.,                   )
                                         )
                    Defendants.          )
                                         )

**I.**

**PROCEEDINGS**

On June 24, 2008, Plaintiff lodged for filing the current pro se Civil Rights

Complaint pursuant to 42 U.S.C. § 1983 ("Complaint").  On August 8, 2008, the

Complaint was ordered filed after the Court granted Plaintiff's request to proceed

in forma pauperis.  The events alleged in the Complaint occurred while Plaintiff

was incarcerated at the California Men's Colony ("CMC") in San Luis Obispo.

(Compl. at 2.)  Plaintiff has since been released from custody and currently lives in

Van Buren, Arkansas.

/ / /

/ / /

**II.**

1

## **PLAINTIFF'S ALLEGATIONS**

In the Complaint, Plaintiff names as Defendants California Department of Corrections and Rehabilitation ("CDCR") Director James Tilton, CMC Warden John Marshall, CMC Correctional Officer R. Geoventti, CMC Appeals Coordinator D. Engler, Chief of Inmate Appeals N. Grannis, and United States Attorney General Michel Mukasey.  All Defendants are sued in their individual capacities only.  Plaintiff seeks monetary damages as well as declaratory and injunctive relief.  (Id. at 3-5, 19.)

From what the Court can gather from the Complaint, Plaintiff contends he was subjected to verbal harassment by Defendant Geovenetti and other inmates as a result of Plaintiff's sexual orientation.  (Id. at 7.)  Plaintiff alleges that Defendant Geovenetti encouraged "other inmates to act violently towards particularly vulnerable inmates" like Plaintiff.  (Id. at 7, 8.)  In July 2006, Plaintiff filed a grievance against Defendant Geovenetti's "incitement of inmates convicted of violence, to target homosexual prison rape survivors."  (Id. at 8.)  Plaintiff alleges that the grievance was destroyed before it could be processed.  (Id.)

Plaintiff further alleges that in August of 2006, Defendant Engler obstructed and prevented Plaintiff from presenting a grievance and properly exhausting his administrative remedies.  (Id. at 10.)  Finally, Plaintiff alleges, among other things, that Defendants Marshall, Tilton, Grannis, and Mukasey "have failed to provide a failsafe system in which Plaintiff can properly exhaust his administrative remedies without interference or obstruction" and have "prevented Plaintiff from complying with all his rules and regulations to properly exhaust administrative remedies."  (Id. at 12.)

/ / /

/ / /

/ / /

**III.**

2

**STANDARD OF REVIEW**

**A.    PLRA Screening.**

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1).  The Court's screening of the pleading under the foregoing statutes is governed by certain standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Since plaintiff is appearing pro se, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988).  Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

With respect to Plaintiff's pleading burden, the Supreme Court recently held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2

1  L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear
2  that no relief could be granted under any set of facts that could be proved
3  consistent with the allegations.")  The <u>Bell Atlantic</u> Court further explained in a
4  footnote:

> While, for most types of cases, the Federal Rules eliminated the
> cumbersome requirement that a claimant "set out in detail the facts
> upon which he bases his claim," Rule 8(a)(2) still requires a
> "showing," rather than a blanket assertion, of entitlement to relief.
> Without some factual allegation in the complaint, it is hard to see how
> a claimant could satisfy the requirement of providing not only "fair
> notice" of the nature of the claim, but also "grounds" on which the
> claim rests.

13  <u>Id.</u> at 1965 n.3 (citations omitted).

14  **B.    <u>Leave to Amend.</u>**

15         If the Court finds that a complaint should be dismissed for failure to state a
16  claim, the Court has discretion to dismiss with or without leave to amend.  <u>Lopez</u>
17  <u>v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend
18  should be granted if it appears possible that the defects in the complaint could be
19  corrected, especially if a plaintiff is <u>pro se</u>.  <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United</u>
20  <u>States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave
21  to amend his or her complaint, and some notice of its deficiencies, unless it is
22  absolutely clear that the deficiencies of the complaint could not be cured by
23  amendment.") (<u>citing</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)).
24  However, if, after careful consideration, it is clear that a complaint cannot be cured
25  by amendment, the Court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at
26  1005-06.

27  / / /

28                                            **IV.**

4

**DISCUSSION**

A.   **The Complaint Is Subject to Dismissal for Failure to State a Claim Based on Respondeat Superior Liability.**

Supervisory personnel are not individually liable under § 1983 on a theory of <u>respondeat superior</u> or vicarious liability in the absence of a state law imposing such liability. <u>Monell v. New York City Dep't of Soc. Serv.</u>, 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1992); <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. <u>See</u> <u>Redman</u>, 942 F.2d at 1446-47; <u>Hansen</u>, 885 F.2d at 646; <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Unsupported, conclusory allegations are insufficient to state a valid claim. <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977).

As set forth above, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .." <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1964-65.

From what the court can gather from the Complaint, the allegations against Defendants Marshall, Tilton, Grannis, and Mukasey relate to the fact that they "have failed to provide a failsafe system in which Plaintiff can properly exhaust his administrative remedies without interference or obstruction" and have "prevented Plaintiff from complying with all his rules and regulations to properly exhaust administrative remedies." (Compl. at 12.) These conclusory allegations are clearly insufficient to establish supervisory liability against these Defendants.

5

1  Thus, the Complaint is subject to dismissal for failure to state a claim for

2  supervisory liability against Defendants Marshall, Tilton, Grannis, and Mukasey .

3  **B.    The Complaint is Subject to Dismissal for Failure to State a Claim**

4  **Based on Verbal Harassment.**

5  Verbal harassment or abuse alone is not sufficient to state a constitutional

6  deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139

7  (9th Cir. 1987) (citation omitted).  However, verbal harassment intended to

8  humiliate or endanger an inmate may violate the Constitution.  See Somers v.

9  Thurman, 109 F.3d 614, 622 n.5 (9th Cir. 1997) (the purposeful subjection of

10 prisoners to verbal assaults during strip searches performed by officials of the other

11 sex serves no administrative purpose and might present a question under the Fourth

12 Amendment); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (no evidence

13 presented that "disrespectful and assaultive comments" were unusually gross even

14 for a prison setting and were calculated to and did cause psychological damage);

15 Morgan v. Ward, 699 F. Supp. 1025, 1055 (N.D. N.Y. 1988) (recognizing that

16 racial insults do not deprive prisoners of the "minimal civilized measure of life's

17 necessities," and thus do not constitute an Eighth Amendment violation).

18 Plaintiff alleges that he was subject to verbal harassment by Defendant

19 Geovenetti and other inmates as a result of Plaintiff's sexual orientation.  (Compl.

20 at 7.)  Plaintiff further alleges that Defendant Geovenetti encouraged "other

21 inmates to act violently towards particularly vulnerable inmates" like Plaintiff.  (Id.

22 at 7, 8.)  In July 2006, Plaintiff filed a grievance against Defendant Geovenetti's

23 "incitement of inmates convicted of violence, to target homosexual prison rape

24 survivors."  (Id. at 8.)

25 Based on these allegations, it appears that Plaintiff has stated a claim for

26 relief against Defendant Geovenetti.  However, to the extent Plaintiff attempts to

27 proceed on such a claim against any of the other Defendants, the Complaint fails to

28 state a claim based on verbal harassment as to the remaining Defendants.

**C.**   **The Complaint Is Subject to Dismissal for Failure to State an Access to Court Claim.**

It has long been "established beyond doubt that prisoners have a constitutional right of access to the courts." <u>Bounds v. Smith</u>, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977). A prisoner's right to meaningful access to the courts, along with his broader right to petition the government for a redress of his grievances under the First Amendment, precludes prison authorities from penalizing a prisoner for exercising those rights. In some instances, prison authorities must even take affirmative steps to help prisoners exercise their rights. <u>Id.</u> at 821-832; <u>Casey v. Lewis</u>, 4 F.3d 1516, 1520 (9th Cir. 1993). The right of meaningful access to the courts extends to established prison grievance procedures. <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995).

Plaintiff alleges that in July 2006, he filed a grievance against Defendant Geovenetti's "incitement of inmates convicted of violence, to target homosexual prison rape survivors." (Compl. at 8.) Plaintiff alleges that the grievance was destroyed before it could be processed. (<u>Id.</u>) Plaintiff further alleges that in August of 2006, Defendant Engler obstructed and prevented him from presenting his grievance and properly exhausting his administrative remedies. (<u>Id.</u> at 10.) Plaintiff further alleges that Defendants Marshall, Tilton, Grannis, and Mukasey "have failed to provide a failsafe system in which Plaintiff can properly exhaust his administrative remedies without interference or obstruction" and have "prevented Plaintiff from complying with all his rules and regulations to properly exhaust administrative remedies." (<u>Id.</u> at 12.)

Based on these allegations, it appears that Plaintiff has stated a claim for relief against Defendant Engler. However, to the extent Plaintiff attempts to proceed on such a claim against any of the other Defendants, the conclusory allegations are clearly insufficient to state an access to courts claim as to them. Thus, the Complaint is subject to dismissal for failure to state an access to courts

7

1  claim against Defendants Marshall, Tilton, Grannis, Mukasey, and Geovenetti.

2  **D.    The Complaint Must Comply with Fed. R. Civ. P. 8.**

3         Rule 8 of the Federal Rules of Civil Procedure provides that:  "[a] pleading

4  which sets forth a claim for relief, whether an original claim, counterclaim, cross-

5  claim, or third-party claim, shall contain . . . (2) a short and plain statement of the

6  claim showing that the pleader is entitled to relief. . ."  Fed. R. Civ. P. 8(a).  Rule 8

7  further provides that: "[e]ach averment of a pleading shall be simple, concise, and

8  direct . . ."  Fed. R. Civ. P. 8(e)(1).  A district court has the power to dismiss a

9  complaint when a plaintiff fails to comply with the Federal Rules of Civil

10 Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement.  See

11 Vakalis v. Shawmut Corp., 925 F.2d  34, 36 (1st Cir. 1991); Mangan v.

12 Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

13        From what the Court can gather from the Complaint, Plaintiff is attempting

14 to state claims for relief based on verbal harassment and the denial of access to

15 courts.  However, due to the rambling nature of the Complaint, it is difficult for the

16 Court the determine any additional legal theories Plaintiff may be attempting to

17 raise against any other Defendants.  Plaintiff is reminded that he must comply with

18 Rule 8 with regard to any future Complaints he may file.

19                                       **V.**

20                                    **ORDER**

21        Based on the foregoing, the Court hereby dismisses the Complaint.  See Noll

22 v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must

23 be given leave to amend his complaint unless it is absolutely clear that the

24 deficiencies of the complaint cannot be cured by amendment).

25        If Plaintiff still wishes to pursue this action, he shall have thirty (30) days

26 from the date of this Order within which to file a First Amended Complaint,

27 attempting to cure the defects in the Complaint.  The First Amended Complaint

28 shall be complete in itself and must remedy the deficiencies discussed.  Plaintiff

may not use "et al." in the caption but must name each Defendant against whom claims are stated.  Furthermore, Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his First Amended Complaint.  The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form.  The First Amended Complaint shall not refer to the previously dismissed Complaint.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order.  Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: August 27, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge

9